NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEANDRO CARNEIRO DA SILVA; et al., | No. 24-5443 |
| Petitioners, | Agency Nos. A216-908-373 |
| v. | A216-908-374 |
| | A216-908-375 |
| PAMELA J. BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Leandro Carneiro Da Silva, his wife, and their minor daughter ("Petitioners"), natives and citizens of Brazil, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal of the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

1.     Substantial evidence supports the BIA's determination that Petitioners failed to demonstrate a nexus between the harm they suffered and a statutorily protected ground.  The BIA reasonably concluded that the threats from a loan shark known as "Indiao" were motivated by debt collection, not by Petitioners' race, religion, nationality, political opinion, or membership in a particular social group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").  The failure to establish nexus dooms their asylum claim.

2.     Petitioners' claim for withholding of removal also fails. To qualify, Petitioners must prove it is "more likely than not" that they will be persecuted on account of a protected ground.  *See Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (simplified).  Because substantial evidence supports the BIA's determination that the harm Petitioners fear is not on account of a statutorily protected ground, they necessarily fail to meet the higher burden for withholding of removal.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (holding that an applicant who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal).

2

3. The BIA also did not err in denying CAT relief. To qualify for CAT protection, an applicant must show that it is more likely than not that they would be tortured with the consent or acquiescence of a public official. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Petitioners failed to meet this burden. While Petitioners asserted that the police are corrupt and that "Indiao" claimed to have police connections, they provided no corroborating evidence. Although Petitioners submitted evidence of general corruption in Brazil, they failed to demonstrate that they personally face a particularized risk of torture with government acquiescence. Generalized country conditions, without more, are insufficient. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–34 (9th Cir. 2014) (explaining that general claims of government corruption or ineffectiveness are insufficient without evidence of government acquiescence to likely torture). Moreover, the record shows that, in 2009, Brazilian authorities provided effective protection against a different threat from a relative, further undermining Petitioners' CAT claim.

**PETITION DENIED.**